# ON PETITION FOR REHEARING
## UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

STEVEN FOWLER,
*Defendant-Appellant.*

No. 99-4657

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

ANTHONY SAMUELS,
*Defendant-Appellant.*

No. 99-4697

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

TIMOTHY TABOR,
*Defendant-Appellant.*

No. 99-4706

Appeals from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-99-10)

Submitted: July 9, 2003

Decided: September 4, 2003

Before WIDENER, NIEMEYER, and WILLIAMS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Bryan Emery Gates, Jr., Winston-Salem, North Carolina; Thomas Franklin Loflin, III, LOFLIN & LOFLIN, Durham, North Carolina; Paul K. Sun, Jr., SMITH, HELMS, MULLISS & MOORE, L.L.P., Raleigh, North Carolina, for Appellants. Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

### OPINION

PER CURIAM:

Steven Fowler, Anthony Samuels, and Timothy Tabor were indicted on one count of conspiracy to distribute in excess of fifty grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). The conspiracy lasted from approximately June 1996 until January 1999. Based on a preponderance of the evidence, the district court found each defendant responsible for at least 1.5 kilograms of crack. Fowler received a life sentence; Samuels and Tabor each received a 360-month sentence. They now appeal their convictions and sentences. We affirm.

I

At trial, Clifton Lewis Belcher testified that by October 1996, he and Fowler were traveling at least weekly from Durham, North Caro-

lina to New York City to purchase crack cocaine. Belcher stated that they never returned to Durham with less than one-half kilogram of crack. By April 1997, Samuels was giving Fowler and Belcher money to purchase at least 125 grams of crack for him on the New York trips. In mid-1997, Fowler and Belcher began returning to Durham with powder cocaine, which they then cooked into crack and distributed. Samuels and Tabor showed them how to convert powder cocaine into crack. Additionally, Tabor sold crack for the organization. Fowler supplied Tabor at least weekly with 125 grams of crack.

A jury convicted the three defendants. At sentencing, the district court found that each defendant was responsible for at least 1.5 kilograms of crack. The court sentenced Fowler to life in prison. Tabor and Samuels each received a 360-month sentence.

## II

Fowler's sole argument in his formal brief is that the court improperly admitted a taped telephone conversation among Belcher, Fowler's girlfriend, and Fowler. Contrary to Fowler's claim that the conversation constituted inadmissible hearsay, we find that Fowler's statements on the tape were an admission by a party-opponent. They were offered against Fowler and were his own statements. *See* Fed. R. Evid. 801(d)(2)(A); *United States v. Price*, 13 F.3d 711, 720 (3rd Cir. 1994); *United States v. Hernandez*, 829 F.2d 988, 994 (10th Cir. 1987). Admission of the tape was not an abuse of discretion.

## III

Samuels' offense level was enhanced for firearm possession. *See U.S. Sentencing Guidelines Manual* § 2D1.1(b)(1) (1998). There was evidence that Belcher carried, used, and possessed a firearm in furtherance of the conspiracy. Indeed, Belcher freely admitted that he was "the right hand man" for Fowler and Samuels, and that customers knew he would shoot them if they did not pay for the drugs they bought. Belcher's possession of a firearm was attributable to his coconspirator, Samuels. *See United States v. Hunter*, 19 F.3d 895, 896 (4th Cir. 1994). Enhancement of Samuels' sentence under USSG § 2D1.1(b)(1) was not clearly erroneous.

IV

Fowler, Samuels, and Tabor contend that their respective sentences violate the rule of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). As a consequence, they argue that they were subject to prison terms of no more than twenty years under 21 U.S.C. § 841(b)(1)(C) (2000).

"Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. With respect to drug trafficking crimes whose penalties are set forth at 21 U.S.C. § 841(b), "*Apprendi* dictates that in order to authorize the imposition of a sentence exceeding the maximum allowable without a jury finding of a specific threshold drug quantity, the specific threshold quantity must be treated as an element of an aggravated drug trafficking offense, *i.e.*, charged in the indictment and proved to the jury beyond a reasonable doubt." *United States v. Promise*, 255 F.3d 150, 156-57 (4th Cir. 2001) (en banc), *cert. denied*, 535 U.S. 1098 (2002). Twenty years is the maximum sentence for cocaine offenses governed by § 841(b). *See* 21 U.S.C. § 841(b)(1)(C); *Promise*, 255 F.3d at 159.

During deliberations, the jury submitted the following question to the court, "Must each individual person be responsible for distribution of fifty grams of cocaine to be guilty of the charge?" The court responded, "[I]t is not necessary that each individual be responsible for distribution of fifty grams of cocaine to be guilty of the charge. The weight of any drugs distributed is not an element of the offense." Subsequently, the jury asked, "What is the point or significance of the fifty grams listed in the indictment?" The court answered:

> Remember I told you a while ago that is not an element of the offense. The significance of that, if any, is that [if] a defendant is convicted, the amount of drugs could bear on the punishment for the offense for which they are convicted. It is not an element of the offense.

At sentencing, at least one of the defendants, Samuels, made an objection invoking *Jones v. United States*, 526 U.S. 227 (1999). This objection was sufficient to preserve the *Apprendi* issue for appellate review. *See United States v. Mackins*, 315 F.3d 399, 407 (4th Cir. 2003). It is unclear whether Fowler and Tabor also invoked *Jones* at

sentencing. It is appropriate, therefore, to apply the higher standard of harmless-error review to all defendants. "In undertaking harmless error review, we impose the burden on the Government to show, beyond a reasonable doubt, that the error did not affect [the defendants'] substantial rights or, in other words, that it did not prejudice them." *Id.* "Prejudice, in this context, means that the error actually affected the outcome of the proceedings, i.e., the defendants' sentences were longer than that to which they would otherwise be subjected." *Id.* (internal quotation marks and citations omitted). In the present case, the district court's failure to submit drug quantity to the jury did not affect the defendants' substantial rights because the drug quantity was alleged in the indictment and "the trial produced 'uncontested and overwhelming evidence' of drug quantity sufficient to sustain the sentence." *United States v. Montgomery*, 262 F.3d 233, 252 (4th Cir. 2001). Section 841(b)(1)(A) sets the maximum punishment for a violation involving 50 grams or more of crack cocaine at life imprisonment. The evidence establishes that the defendants were responsible for an amount far greater than 50 grams of crack. Davis' testimony that in 1998 he and Belcher returned to Durham with a total of eleven kilograms of powder cocaine is alone sufficient to find the defendants responsible for over 50 grams of crack. One gram of cocaine powder converts to approximately .89 grams of crack and the amount of crack—well in excess of 50 grams—to which eleven kilograms of powder cocaine converts is attributable to all members of the conspiracy. *See United States v. Carrington*, 301 F.3d 204, 211 (4th Cir. 2002).

V

We grant the motions to file pro se supplemental briefs. We have considered the issues raised in those briefs and not discussed elsewhere in this opinion and find them to be without merit. We affirm the convictions and sentences. We deny Fowler's motion to compel a reply and his motion to be personally served with all information. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*